| 45 | 177 |
| 54 | 517 |
| 45 | 177 |
| 55 | 601 |
| 45 | 177 |
| 56 | 399 |
| 45 | 177 |
| 57 | 226 |
| 45 | 177 |
| 60 | 102 |
| 45 | 177 |
| 67 | 469 |
| 45 | 177 |
| 69 | 540 |

SAMUEL F. WARE, PLAINTIFF IN ERROR, v. MILLVILLE MUTUAL MARINE AND FIRE INSURANCE COMPANY, DEFENDANT IN ERROR.

1. If the real question in controversy between the parties to an action, appears to have been fully and fairly tried, and correctly settled, this court will not reverse for an objection which may be avoided by an amendment of the pleadings, but will in such case exercise the power of amendment.

2. A condition annexed to a policy of insurance in a mutual company provided that, upon the insured failing to pay an assessment ordered by the directors within a specified time, his rights as a member of the company should be forfeited and the policy should be void. It was also therein provided that in such case the company might sue for and recover the premium note, and if the whole amount thereof was received the policy should stand renewed and remain in force for the term limited therein. A by-law gave power to the directors, at their discretion, to reinstate a policy, lapsed by reason of failure to pay an assessment, by receiving, within a limited time, but before actual loss, the assessment with a penalty. An insured, whose policy lapsed by reason of failure to pay an assessment, claimed a waiver, on the ground that the company had subsequently demanded the assessment and offered to receive it. The offer contained no express proposal to reinstate the policy. *Held*, that if such proposal could be inferred, it was dependent on payment, and no payment having been made before loss, the evidence did not tend to establish a waiver, and a direction to the jury to find for the defendant thereon was not erroneous.

In covenant. On error to the Supreme Court. The facts appear fully in the opinion.

For the plaintiff in error, *D. J. Pancoast.*

For the defendant in error, *J. H. Nixon.*

The opinion of the court was delivered by

MAGIE, J. This action was in covenant upon a policy of insurance, and the declaration was in the usual form. Two pleas were pleaded: first, *non est factum;* and second, a special plea setting up a condition of the policy and averring a for-

feiture thereunder.   To the latter a replication was filed, averring that the insured had not avoided the policy or forfeited his rights thereon, but that the company had broken its covenant of its own wrong.

At the trial upon these issues, after evidence had been presented by both parties, the jury were directed to find for the defendant.   To this direction there was an exception, and it is here alleged that the court below erred therein upon two grounds.   First, because the charter of the company (which is not a public act) was not put in evidence, and therefore that the forfeiture alleged in the special plea was not made out; and second, that there was proof which ought to have been submitted to the jury tending to show that the alleged forfeiture had been waived by the company and that the contract of insurance was kept alive and available to the insured.

The condition of the policy under which the forfeiture was claimed is as follows:   "All persons insured in this company shall pay a ratable proportion of all assessments which may from time to time be ordered by the directors.   And in case of failure so to do for thirty days after publication thereof the insured shall forfeit all rights which may have accrued to him as a member of the company, and the policy of insurance shall be void, and he will also forfeit the whole of the premium note, which may be forthwith sued for and recovered.   But if the whole amount of said note is received by the company the policy will then stand renewed and remain in force until the end of the term limited therein."

The plea averred that the company had ordered an assessment on the premium notes given by its insurers "pursuant to the seventh section of the charter thereof," and that due publication thereof had been made and due notice given to the plaintiff.   It averred that plaintiff had neglected to pay his share of such assessment for thirty days after such publication and notice.

The bill of exceptions shows that the act incorporating the company was not put in evidence.   There was proof, without objection on the part of the plaintiff, that an assessment had

been ordered by the directors.   Publication and notice of that assessment were admitted by plaintiff.   But it is insisted that in the absence of the charter the defendant failed to show that the assessment was made pursuant to the section of the charter stated in the plea, and consequently that plaintiff was entitled to a verdict.

It will be noted that the condition in question does not require an assessment to be laid in pursuance of any section of the charter.   The averment that it was so laid is the averment of the pleader, and not a requirement of the contract.

It further appears that the omission of this evidence was not brought to the attention of the court below.   The case was evidently tried precisely as if the charter was in evidence. Plaintiff's counsel cross-examined the company's officers respecting this condition and its agreement with the charter and the constitution and by-laws of the company.   Under such circumstances, this court will not reverse for an objection purely formal and immaterial, if, in fact, the "real question in controversy between the parties" appears to have been fully and fairly tried and correctly settled, and the pleadings can be so amended as to avoid the objection.   It feels bound in such a case to amend the pleadings if necessary to sustain a correct result reached below.   *American Life Ins. Co.* v. *Day*, 10 *Vroom* 89.   In this case it is only necessary to strike out of the plea the averment that the assessment was made pursuant to the seventh section of the charter, and substitute therefor the averment that it was made pursuant to the terms of the condition.   The real question which was tried between the parties will be thus presented on the part of the defendant. If the result reached was otherwise correct, such an amendment should be made.

The bill of exception further shows that the real question tried was simply this, viz., whether or not the condition in question and the forfeiture thereunder had been waived by the company so as to preserve the contract of insurance unimpaired.

On the part of the company it was shown without objection

that an assessment for losses had been made on the premium notes given by insurers; that due publication thereof had been made and due notice given; that the assessment on the plaintiff's note amounted to $20, and came due on August 16th, 1880; that plaintiff paid $10 thereof on September 11th, 1880; and that the remainder was not paid until October 25th, 1880, which was after the loss had occurred for which the action was brought, and was received by their agent in ignorance of the loss.

It was shown on the part of the plaintiff that after September 12th, the assessment had been demanded by the company, of plaintiff, and suit therefor had been threatened; that the company's attorney had fixed October 23d as the time when the balance could be paid to him at a specified place; that he did not attend at that place, although plaintiff sought him there; that the fire occurred on October 24th; and that on the next day the balance of the assessment was paid to the same attorney, who received it in ignorance that the loss had occurred, and gave the following receipt: "Oct. N. J. 10, 25, 1880. Received of Samuel F. Ware the sum of $10 for payment of assessment under policy No. 11081 made by the Millville Mutual Marine Insurance Company, of Millville, N. J., as per resolution of the Board of Directors, passed June 21st, 1880. For the company, N. Woolery, Agent." The resolution of June 21st, 1880, was that imposing the assessment.

The plaintiff's replication did not present the case relied on by him and presented in his evidence. It was a denial of the forfeiture. But the evidence was received without objection, and the case tried thereon. If the view taken by the court below was correct, he has no ground of complaint. He has tried his real case though not presented by the pleadings.

My examination of the case convinces me that there was no evidence to go to the jury tending to establish a waiver of the condition and the forfeiture thereunder. By the terms of the condition the policy of plaintiff continued in force for thirty days after the publication of the assessment, and at the

Ware v. Millville Fire Ins. Co.

expiration of that time, in default of payment, became void. No act of the company was necessary to produce this result. A default rendered the policy, not voidable, but void. A mode of reviving and reinstating the policy is, however, expressly provided in the condition. The company had the right to collect the whole premium note, and upon such collection the policy was, in the language of the condition, "to stand renewed and remain in force." The case further shows that the twenty-second section of the company's by-laws offered some concession to the rigor of this rule. By it the directors were accorded a discretion to reinstate a policy thus lapsed, upon payment within a limited time of the whole assessment, with twenty per cent. addition and ten per cent. interest for every thirty days' delay. But this discretion was limited to cases of payment before loss.

The policy was admittedly not reinstated by either of these modes. The contention is that the conduct of the company amounted to a waiver of the forfeiture. The conduct relied on was the demand for the payment of the assessment after the policy was void. But I am unable to perceive how such conduct in these circumstances tends to show a waiver. With the undoubted right to collect the whole premium note, in which case the policy would become renewed, *ipso facto,* or with the right to permit the payment of the assessment with a penalty, in which case a renewal would have been effected on payment before loss, the company demands only the assessment. The demand is accompanied with no express offer to reinstate the policy. If such an offer is to be inferred, the inference would be that the policy was to be reinstated only upon the payment before loss. No such payment having been made, the policy remained void.

There was no evidence to go to the jury, and the direction complained of was correct. Inasmuch as it disposed of the real question in controversy, the plaintiff has no ground of complaint, the amendment suggested being made.

The judgment below should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, SCUDDER, CLEMENT, COLE, GREEN, KIRK, WHITAKER.   11.

*For reversal*—DIXON, PATERSON.   2.